IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Jermesha Peay,<br><br>    Plaintiff,<br><br> vs.<br><br>Kilolo Kijakazi, Commissioner of Social Security Administration,[1]<br>    Defendant. | Civil Action No. 9:22-cv-1415-CMC<br><br>**OPINION AND ORDER** |

  Through this action, Plaintiff Jermesha Peay ("Peay" or "Plaintiff") seeks judicial review of the final decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Plaintiff appealed pursuant to 42 U.S.C. § 405(g). The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Molly H. Cherry, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(b)(2)(a) and 83.VII.02, *et seq*., D.S.C.

  The Report, filed May 20, 2023, recommends the decision of the Commissioner be affirmed. ECF No. 15. On June 13, 2023, Plaintiff filed objections to the Report. ECF No. 16. On June 20, 2023, the Commissioner filed a response to Plaintiff's objections. ECF No. 17. For the reasons stated below, the court adopts the Report and affirms the decision of the Commissioner.

---

[1] As noted by the Magistrate Judge, Kilolo Kijakazi recently became Commissioner of the Social Security Administration and is automatically substituted for Andrew Saul as Defendant. Fed. R. Civ. P. 25(d).

**Standard**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ."[2] 42 U.S.C. § 405(g). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. *Johnson v. Barnhart*,

---

[2] "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). "It means – and it means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 578 U.S. __, 139 S. Ct. 1148, 1154 (2019).

2

434 F.3d 650 (4th Cir. 2005). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58. However, the court does not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." *Johnson*, 434 F.3d at 653. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Id.*

## **Background**

Plaintiff applied for DIB and SSI on July 9, 2015, alleging disability as of June 18, 2014, due to severe impairments of cervical degenerative disc disease status post fusion surgery, diabetes mellitus, obesity, neuropathy, anxiety, and post-traumatic stress disorder ("PTSD"). ECF No. 10-2 at 15-16. Plaintiff's application was denied initially and upon reconsideration. A hearing was held on April 20, 2018, before an Administrative Law Judge ("ALJ"), who issued a decision finding Plaintiff was not disabled. Plaintiff requested review by the Appeals Council, which was denied, making the ALJ's decision the final decision of the Commissioner. Plaintiff filed an action

3

in this court, and her case was remanded to the Agency for reevaluation of the opinions of Peay's treating physicians.

On January 25, 2021, the ALJ held a second administrative hearing. Peay and a vocational expert testified. On March 10, 2021, the ALJ issued a decision finding Peay was not disabled. This appeal followed, filed May 3, 2022. ECF No. 1.

## **Discussion**

The Magistrate Judge recommends the court affirm the Commissioner's decision as supported by substantial evidence and free of legal error. ECF No. 15. Specifically, the Report found the ALJ did not err in making the RFC determination, as he included Peay's moderate limitations in concentration, persistence, and pace, and explained his findings. Second, the Report disagreed with Plaintiff's assertion the ALJ erred in evaluation of medical opinions from her treating physician.

Plaintiff objects to the Report in relation to the ALJ's evaluation of the opinion evidence of Plaintiff's treating physician, Dr. Afulukwe. ECF No. 16. The Commissioner replied, contending Plaintiff repeats the arguments she made in her initial briefs, which the Magistrate Judge considered but rejected, and the ALJ's decision is supported by substantial evidence. ECF No. 17.

1) *Opinion Evidence*

Plaintiff objects to the Magistrate Judge's evaluation of Dr. Afulukwe's March 2018 and June 2020 opinions. ECF No. 16. Plaintiff asserts the ALJ erred in crediting other opinions from non-specialist physicians, but gave less weight to Dr. Afulukwe's 2018 opinion because he is not

4

a specialist – showing "an uneven weighing of the relevant factors." *Id.* at 2. In addition, Plaintiff contends the ALJ cherry-picked evidence and failed to reconcile conflicting findings/evidence when evaluating the 2018 opinion, and "set out a summary of mixed evidence and did not give any reasons for choosing the normal findings over the abnormal findings." *Id.* at 3. She finds fault with the ALJ's "improper reliance on activities of daily living." *Id.* at 4. With regard to the June 2020 opinion, Plaintiff asserts the ALJ erred by rejecting the opinion as inconsistent with Dr. Afulukwe's treatment records, which he admits were inaccurate.  Overall, Plaintiff requests the court recognize the ALJ did not provide adequate support for rejecting Dr. Afulukwe's opinions, which support a finding of disability. *Id.* at 8.

The court agrees with the Magistrate Judge, and finds Plaintiff's objections unavailing. The ALJ thoroughly and soundly evaluated Dr. Afulukwe's opinions, explaining his reasoning for discounting them.  The court is not in a position to reweigh the evidence before the ALJ, but merely to ensure the ALJ's reasons for accepting or rejecting a treating physician's opinions were proper. *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) (finding remand appropriate where a claimant shows the ALJ has incorrectly applied a legal standard, or his factual findings are not supported by substantial evidence). Here, the ALJ explained his reasoning for the weight given to Dr. Afulukwe's March 2018 and June 2020 opinions, and none of Plaintiff's arguments to the contrary reveal an incorrectly applied legal standard or facts unsupported by substantial evidence.

Specifically, the court agrees with the Report the ALJ did not err when considering Dr. Afulukwe was not a specialist, as this is an appropriate factor to consider, and is not the only reason

his opinion was not given controlling weight. As noted by Plaintiff, "specialty is a factor for consideration." ECF No. 16 at 2. The ALJ properly considered that factor for the physicians' opinions. One difference between non-specialists does not show "an uneven weighing of the relevant **factors**." *Id.* (emphasis added).

Although Plaintiff objects to the ALJ's summary of evidence, some of which she notes are "abnormal findings" that support her allegations of disability, the court agrees with the Report that the ALJ sufficiently weighed and explained his reasoning for the RFC given the medical evidence. In fact, as noted by the Magistrate Judge, the ALJ formulated the RFC with more limitations than Dr. Afulukwe's opinions regarding lifting and carrying, given the medical evidence cited by Plaintiff. Plaintiff asserts there is a misquote of Dr. Afulukwe's findings by the ALJ, who noted the treating physician opined claimant could lift "up to 20 pounds frequently and ten pounds occasionally." ECF No. 15 at 15 (quoting R. at 714-15). The court agrees the March 2018 opinion limits lifting and carrying to 0-5 pounds continuously, and 6-10 pounds and 11-20 pounds "occasionally." R. at 691-92. However, the RFC imposed further limitations than suggested by Dr. Afulukwe by restricting lifting and carrying to up to 10 pounds occasionally (instead of 20 pounds as noted in the opinion) and less than ten pounds frequently (instead of less than five pounds "continuously"). ECF No. 15 at 15 (quoting R. at 714-15).

Plaintiff next objects because the ALJ did not acknowledge the assistance she requires when completing activities of daily living ("ADLs") in the assessment of Dr. Afulukwe's opinion. The ALJ explained he gave some, but not great weight to the March 2018 opinion in part because of Plaintiff's ability to perform ADLs, and did not mention at that point the assistance Plaintiff

6

required to complete them.  Plaintiff cites a District of South Carolina case holding an ALJ may not consider the type of activities a claimant can perform without also considering the extent to which she can perform them. ECF No. 16 at 5 (citing *Johnson v. Kijakazi*, No. 2:22-cv-01317-DCC-MGB, 2023 WL 3026878 (D.S.C. March 30, 2023)).

However, the Report found, and this court agrees, the ALJ did consider the assistance Plaintiff requires in activities of daily living, even if he did not mention it specifically when discussing Dr. Afulukwe's opinion. In his decision, the ALJ noted Plaintiff "had assistance from her family with taking her children to school and doing their homework," she went shopping but "had to have someone to take her for assistance," "needed assistance with bathing and dressing," "was able to go shopping with help and did not drive," "prepped meals daily with help, and "her family helped her with everything. R. at 707.  She could handle her own finances but "needed help with buttons and zippers and could not brush her own hair." *Id.* Therefore, when the ALJ notes in the RFC formulation the limitations imposed "are consistent with her activities of daily living," this takes into account his earlier findings regarding her ADLs. Similarly, his decision to give some, but not great, weight to Dr. Afulukwe's opinion in part due to her activities of daily living necessarily includes her limitations in doing those ADLs.  Unlike in *Brown*, therefore, where the ALJ "did not acknowledge the limited extent of [ADLs] as described by Brown" (873 F.3d at 269), here there is no evidence the ALJ failed to recognize Plaintiff's limitations and assistance needed in performing her ADLs and account for that in the RFC and in evaluating Dr. Afulukwe's opinion.

7

Finally, Plaintiff argues the ALJ should not have considered Plaintiff's "conservative treatment following her cervical spine surgery in evaluating Dr. Afulukwe's opined limitations." ECF No. 16 at 6. Plaintiff contends she did not have only conservative treatment, as she underwent a spinal surgery after a car wreck in 2014, and distinguishes the case cited in the Report because conservative treatment was not **all** Plaintiff received. However, the court disagrees with Plaintiff's objections. The opinion at issue was given in March 2018, four years after Plaintiff's accident and surgery. Since 2018, the ALJ explained, Plaintiff received "fairly conservative treatment . . . for her allegedly debilitating pain and symptoms and ha[d] not seen a specialist since June 2019." R. at 715. It is true Plaintiff underwent surgery on her spine in 2014, and therefore "conservative" treatment with medication is not all she received. However, it is also true that after surgery, and especially since 2018, her treatment consisted of medication and testing. She was discharged from treatment with pain management in 2019, although she requested to see a new pain provider in January 2020. R. at 712. The ALJ noted he gave Dr. Afulukwe's 2018 opinion "some" weight, but not great weight, for many reasons but in part because of this conservative treatment. The level of treatment sought and received is an appropriate factor for the ALJ to consider when evaluating whether the opinion is consistent with and supported by the medical records. Overall, the court finds the ALJ's decision to give some, but not great, weight to Dr. Afulukwe's March 2018 opinion supported by substantial evidence, and that the correct legal standards were applied.

Regarding the June 2020 opinion, Plaintiff contends the ALJ erred when he "rejected Dr. Afulukwe's opinions as inconsistent with the record" because "computer generated records are problematic" and "the ALJ offered no record evidence to show that Dr. Afulukwe's explanation

8

was untruthful." ECF No. 16 at 7. The ALJ gave the June 2020 opinion little weight, as Dr. Afulukwe conceded her treatment notes included "autofill errors" that might appear inconsistent with her opinion and Plaintiff's allegations. R. at 715. The June 2020 opinion reads, in part, "[m]y treating notes may note normal findings at times which is inaccurate in assessing her medical condition . . . This is not accurate and due to the fact that both me and my nurse practitioner may use 'auto fill' features while filling out our electronic records." R. at 1017. Nevertheless, the ALJ considered the records from this time period, including with specialist providers, and "the extent of opinions as prescribed in Exhibit 20F are not well supported by the longitudinal objective findings." R. at 715.

The court agrees with the Magistrate Judge that the ALJ's decision to give this opinion little weight was supported by substantial evidence. As noted by the Report, the ALJ was entitled to evaluate the June 2020 opinion in light of Dr. Afulukwe's concession that her treatment notes were "inaccurate," and the ALJ also considered the entirety of the record when assessing this opinion. Accordingly, Plaintiff's objection regarding the June 2020 opinion is overruled.

## Conclusion

For the reasons set forth above, the court adopts the Report and Recommendation of the Magistrate Judge and affirms the decision of the Commissioner.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
Senior United States District Judge

Columbia, South Carolina<br>
July 5, 2023